

Lisa C. Hamasaki (SBN 197628)
lch@millerlawgroup.com
Janine S. Simerly (SBN 102361)
jss@millerlawgroup.com
Mani Sheik (SBN 245487)
ms@millerlawgroup.com
MILLER LAW GROUP
A Professional Corporation
111 Sutter Street, Suite 700
San Francisco, CA 94104
Tel. (415) 464-4300
Fax (415) 464-4336

Attorneys for Defendants PACIFIC BELL TELEPHONE COMPANY and AT&T SERVICES, INC.

JCS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME JOHNSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC BELL TELEPHONE COMPANY, a California Corporation; SBC, INC., a Delaware Corporation; AT&T SERVICES, INC., a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: C 13 4068<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. §§ 1331 AND 1441**<br><br>Complaint filed: May 31, 2013 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that PURSUANT TO 28 U.S.C. sections 1331, 1441 and 1446, Defendants PACIFIC BELL TELEPHONE COMPANY ("Pacific Bell") and AT&T

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

SERVICES, INC. (collectively, "Defendants"), hereby remove to this Court the State Court action described below.

## I. INTRODUCTION

1. This Court has original jurisdiction over this action under the federal question jurisdiction statute. 28 U.S.C. § 1331. In relevant part, the federal question jurisdiction statute grants district courts original jurisdiction over civil actions which allege a claim arising under the laws of the United States. As set forth below, this case meets all of the federal question jurisdiction statute's requirements for removal, and is timely and properly removed by the filing of this Notice of Removal. In addition, as set forth below, the Court has supplemental jurisdiction over all state claims contained in the Complaint, as they are so related to claims in the action within the Court's original jurisdiction that they form part of the same controversy, pursuant to 28 U.S.C. section 1367(a).

## II. PLEADINGS AND PROCEDURAL HISTORY

2. On May 31, 2013, Plaintiff JEROME JOHNSON ("Plaintiff") filed a Complaint against Defendants in the Superior Court of the State of California, County of Contra Costa, entitled *JEROME JOHNSON, an individual, Plaintiff, vs. PACIFIC BELL TELEPHONE COMPANY, a California Corporation; SBC, INC., a Delaware Corporation; AT&T SERVICES, INC., a Delaware Corporation; and DOES 1 through 10, Defendants*, Case No. C-13-01148. The Complaint alleges eight causes of action including: (1) Employment Discrimination: Disability/Medical Condition; (2) Violations of the FMLA; (3) FMLA/CFRA Discrimination; (4) Retaliation; (5) Failure to Prevent Discrimination/Harassment; (6) Wrongful Termination in Violation of Public Policy; (7) Intentional Infliction of Emotional Distress; and (8) Violations of Business & Professions Code Section 17200. A true and correct copy of the Complaint is

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

attached and incorporated by reference as **Exhibit A**. The Complaint served on Pacific Bell, as described below in Paragraph 3, was unsigned.

3. On August 1, 2013, Plaintiff served Pacific Bell, through its agent for service of process, CT Corporation, with an unsigned Complaint as well as a Summons, Notice of Case Management Conference, Notice to Defendants Form, and an Alternative Dispute Resolution ("ADR") Packet. A true and correct copy of the Summons served on Pacific Bell is attached and incorporated as **Exhibit B**. A true and correct copy of the Notice of Case Management Conference served on Pacific Bell is attached and incorporated as **Exhibit C**. A true and correct copy of the Notice to Defendants Form (with attachments) served on Pacific Bell is attached and incorporated as **Exhibit D**. And, a true and correct copy of the ADR Packet served on Pacific Bell is attached and incorporated as **Exhibit E**.

4. As of the filing of this Notice of Removal, Plaintiff has not yet properly served Defendant AT&T Services, Inc. with a copy of the Complaint or other documents related to this civil action. Nonetheless, AT&T Services, Inc. elected to waive service in the state court proceeding and filed a responsive pleading in that court.

5. Specifically, on August 29, 2013, Defendants Pacific Bell and AT&T Services, Inc. filed an Answer to Plaintiff's Complaint, a true and correct copy is attached and incorporated as **Exhibit F**. Defendants' Answer was served on Plaintiff Johnson on that same date.

6. Except as set forth above, no additional pleadings have been served on Defendants Pacific Bell or AT&T Services, Inc. and Defendants are not aware of other pleadings having been filed in the above-referenced action in state court.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

7. The instant Notice of Removal has been timely filed, having been filed within 30 days after Defendants accepted service of Plaintiff's Complaint setting forth the removable claims. 28 U.S.C. § 1446(b).

## III. GROUNDS FOR REMOVAL – FEDERAL QUESTION JURISDICTION

8. A civil action may be removed from state court to federal court if the action could have originally been commenced in federal court. 28 U.S.C. § 1441(a). One source of original jurisdiction is 28 U.S.C. § 1331, which provides that the federal "district courts shall have original jurisdiction in all civil actions arising under the Constitution, laws, or treaties of the United States." Accordingly, this action may be removed pursuant to 28 U.S.C. section 1441(a) because Plaintiff's claims arise under federal law, namely, the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. section 2601, *et seq.*

9. Removal is thus appropriate where – as here – the plaintiff's own statement of his own cause(s) of action shows that it is based upon federal law. *See Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Since a plaintiff is the "master" of his Complaint, he may avoid federal jurisdiction by relying exclusively on state law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal [question] jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* (citing *Gully v. First National Bank*, 299 U.S. 109, 112-113 (1936)). Case law has further clarified that federal courts have jurisdiction to hear those cases "in which a well-pleaded complaint established either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Board of State of Calif. v. Construction Laborers Vacation Trust of Southern Calif.,* 463 U.S. 1, 27-28 (1983). Here, the Court has jurisdiction over this action under 28 U.S.C. section 1331 and removal by Defendants is proper under 28 U.S.C. section 1441(a), because Plaintiff specifically and unambiguously

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

pleads his Second and Third Causes of Action under the provisions of the federal FMLA, 29 U.S.C. section 2601, *et seq.* Accordingly, a federal question is present on the face of the Complaint and removal is proper. *See Alexander & Alexander, Inc.*, 879 F. Supp 598 (W.D. La. 1995) (FMLA action may be removed to federal court even after it has been commenced in state court); *see also* 29 U.S.C. § 2617(a)(2); 28 U.S.C. § 1441(a).

10. Accordingly, Plaintiff's FMLA claims are within the Court's federal question jurisdiction on removal.

## IV. GROUNDS FOR REMOVAL – SUPPLEMENTAL JURISDICTION

11. To the extent that the Court grants removal on the grounds that Plaintiff's FMLA claims are properly removable to federal court, the Court must exercise supplemental jurisdiction over the remaining state law claims. Under 28 U.S.C. section 1367(a), the exercise of supplemental jurisdiction over state law claims is proper where those claims "form part of the same case or controversy under Article III of the United States Constitution" as federal question claims over which this Court has original jurisdiction. Pursuant to *United Mine Workers v. Gibbs*, the test for whether claims arise out of the same case or controversy is whether they share a "common nucleus of operative fact[s]," such that a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." 383 U.S. 715, 725 (1966) (superseded by 28 U.S.C. § 1367).

12. In this case, all of Plaintiff's claims are closely related to, and inseparable from, one another because they all arise out of the same allegations of misconduct by Defendants, namely that Defendants discriminated and retaliated against Plaintiff based on his purported disability/medical condition and for asserting his rights under the FMLA. (*See generally,* Complaint) Indeed, Plaintiff's First, Second, Third, Fourth, Fifth, Sixth and Seventh Causes of Action assert discrimination, violations of the FMLA, retaliation, failure to prevent

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

discrimination and harassment, wrongful termination and intentional infliction of emotional distress, all based on the same set of operative facts. The remaining cause of action – Violation of Business and Professions Code Section 17200 is entirely derivative of his other claims. Because all Causes of Action concern Defendants' alleged mistreatment of him based on his protected statuses, they naturally arise out of and share a "common nucleus of operative facts" sufficient for this Court's exercise of supplemental jurisdiction over Plaintiff's state law claims. *See Nishimoto v. Federman-Bachrack & Assoc.*, 903 F.2d 709, 714 (1990) (federal court's exercise of pendent jurisdiction over state law claims appropriate where those claims arose out of a common nucleus of operative facts). For this reason, this Court should exercise supplemental jurisdiction over Plaintiff's state law claims.

## V. JOINDER

13. As set forth clearly above, Defendants Pacific Bell and AT&T Services, Inc. jointly seek removal of this action to the Federal Court.

14. Defendants are not aware of any other parties to this action that have been properly served by Plaintiff. Indeed, the only other party named in Plaintiff's Complaint is "SBC, Inc., a Delaware Corporation" but SBC, Inc. does not exist (and has not been served with the Complaint). Except as set forth herein, Defendants are not aware of any other defendants, other than the DOE defendants (which are disregarded for removal purposes).

## VI. INTRADISTRICT ASSIGNMENT

15. Pursuant to 28 U.S.C. section 1446(a) and the Northern District Local Rule 3-2 sections (c) and (d), this action is properly assigned to either the San Francisco Division or Oakland Division of the United States District Court for the Northern District of California because the Complaint was filed in the Superior Court of California, County of Contra Costa,

and a substantial portion of the alleged events giving rise to this action occurred in the County of Contra Costa.

## VII. NOTICE TO PLAINTIFF AND SUPERIOR COURT

16. Contemporaneous with the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice of such filing will be filed by hand with the Clerk for the Superior Court of California, County of Contra Costa, and sent via First Class U.S. Mail to Plaintiff: Jerome Johnson, 2712 Wallace Street, Berkeley, CA 94702. A true and correct copy of the Notice to Superior Court and to Adverse Party of Removal of Action to Federal Court is attached as **Exhibit G**.

THEREFORE, Defendants hereby remove the above-entitled action now pending before the Superior Court of the State of California, County of Contra Costa, to this Court.

Dated: September 3, 2013

MILLER LAW GROUP
A Professional Corporation

By: [signature]
Lisa C. Hamasaki
Janine S. Simerly
Mani Sheik
Attorneys for Attorneys for Defendants
PACIFIC BELL TELEPHONE COMPANY
and AT&T SERVICES, INC.

4849-5680-8725, v. 2

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

# Exhibit A

JEROME JOHNSON, IN PRO PER
2712 WALLACE STREET
BERKELEY, CALIFORNIA 94702
Telephone: (510) 316-5148

FILED

2013 MAY 31 P 12:50

SUPERIOR COURT OF CALIFORNIA

IN AND FOR CONTRA COSTA COUNTY

UNLIMITED JURISDICTION

PER LOCAL RULE 5 THIS CASE IS ASSIGNED TO DEPT 21

JEROME JOHNSON, an individual,

Plaintiff,

vs.

PACIFIC BELL TELEPHONE COMPANY, a California Corporation; SBC, INC., a Delaware Corporation; AT&T SERVICES, INC., a Delaware Corporation; and DOES 1 through 10, inclusive

Defendants.

Case No. C-13-01148

**COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL**

1. Employment Discrimination: Disability/Medical Condition;
2. Violations of the FMLA;
3. FMLA/CFRA Discrimination;
4. Retaliation;
5. Failure to Prevent Discrimination/Harassment
6. Wrongful Termination in Violation of Public Policy;
7. Intentional Infliction of Emotional Distress; and
8. Violations of Business & Professions Code Section 17200.

No SUMMONS ISSUED

Plaintiffs alleges as follows:

**GENERAL ALLEGATIONS**

1. Plaintiff, JEROME JOHNSON, is and at all times hereinafter mentioned, is a citizen of the United States, residing at 2712 Wallace Street, in the City of Berkeley, County of Alameda, State of California (the "Plaintiff").

2. The Defendants PACIFIC BELL TELEPHONE COMPANY, a California corporation and doing business as AT&T CALIFORNIA ("PacBell"), AT&T SERVICES, INC., a Delaware

corporation ("AT&T"), and SBC, INC., a Delaware corporation ("SBC"). Plaintiff is informed and believes that AT&T is a successor company of PacBell, and SBC is the successor company to AT&T. Plaintiff is further informed and believes that AT&T Services Inc. is the managing agent for all above-named entities, performing the Human Resources management function. These entities will hereinafter be referred to in this Complaint collectively as the "Defendant" and/or "Defendants."

3. Plaintiff is informed and believes and thereon alleges that each Defendant is responsible under the law in some manner for the unlawful actions, unlawful policies, and unlawful practices, complained of herein.

4. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff who therefore sues Defendants by such fictitious names under Code of Civil Procedure §474. Plaintiff will amend his Complaint to show the true names and capacities, along with appropriate charging allegations when he has ascertained the same. Plaintiff are informed and believes and thereon alleges that each of the fictitiously named Defendants are responsible in some manner for the occurrences and damages as herein alleged and Plaintiff's injuries are proximately caused by Defendants' acts.

5. Plaintiff is informed and believes and thereon alleges that each Defendant herein was the agent of the others and the agent of Defendant. Each such Defendant was acting in the scope of his or her agency at all relevant times. Each Defendant's act complained of herein was authorized or ratified by the other Defendants, in the course and scope of the agency for the benefit of themselves, each other and the benefit of Defendant.

6. The Plaintiff was employed by the Defendants at its Call Center located at 2600 Camino Ramon, San Ramon, California. His duties included, but were not limited to, answering phone calls from and providing support to the ADSL technicians working outside.

7. Defendant SBC is licensed to transact business in the State of California as a telephone company engaged in providing phone service to California residents. Defendant was at all times doing business through the State of California and had Call Centers located throughout California. Plaintiff is informed and believes and thereon alleges that the practices and policies complained of were enforced throughout the State of California, including Contra Costa County.

8. During the relevant time period, Defendant had a significant presence in the communications industry. Defendant operated large Call Centers throughout the United States to contact and interact with its customers. Defendant employed the Plaintiff to provide these services.

9. The Plaintiff is informed and believes and thereon alleges that the Defendant engaged in the systematic practice of discriminating and retaliating against disabled employees. Plaintiff is further informed and believes that Defendant's actions toward him were in violation of Americans with Disabilities Act ("ADA"), Family Medical Leave Act ("FMLA"), California's Fair Employment and Housing Act ("FEHA") and California Family Rights Act ("CFRA"), and in violation of California Business and Professions Code Sections 17200 et seq., as set forth with more particularity hereinafter.

10. Moreover, Defendant wrongfully terminated Plaintiff in violation of his employment agreement with PacBell, based on untrue and dishonest reasons and in a manner wholly contrary to PacBell's own policies and procedures.

11. The claims alleged by Plaintiff are based primarily on California counter-part of federal statute. The laws violated by Defendant are set forth in detail in the allegations below.

12. As a direct consequence of Defendants' unlawful acts, Plaintiff has suffered economic, consequential and other damages, all to his detriment. Furthermore, the Plaintiff seeks damages and declaratory and equitable relief in the form of restitution.

## JURISDICTION AND VENUE

13. Plaintiff was employed by Defendants Pacific Bell Telephone Company/AT&T in their San Ramon, Contra Costa County, and therefore venue is proper herein.

14. Jurisdiction is proper because all Defendants reside in the State of California, have offices in said State, and each said Defendant conducts a substantial amount of business therein, purposefully availing themselves of the laws of this State of California.

15. The amount in controversy exceeds $25,000.00.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

16. Plaintiff has exhausted all required administrative remedies. On or about March 20,

2012, Plaintiff filed charges of discrimination with the California Department of Fair Employment and Housing (FEHA).

17. On or about March 20, 2012, Plaintiff received notice of his right to bring this action.

## FACTS COMMON TO ALL CAUSES OF ACTION

18. At all relevant times herein, Plaintiff was an employee over the age of forty (40) that suffered from an actual or perceived physical disability and medical condition. His date of birth is December 4, 1961.

19. The Plaintiff began working at PacBell on or around September 8, 1980. Initially, Plaintiff started in a clerical position, later accepted a position of Service Technician, and in 1999 accepted a position as FACS Administrator, an inside position in the Defendant's call center, located at 2600 Camino Ramon, San Ramon, California. As a FACS Administrator, Plaintiff answered phone calls from and provided support to ADSL technicians working outside such location. Plaintiff remained in such position through his employment termination in 2011.

20. Plaintiff performed his duties in an exemplary manner. Plaintiff was courteous, prompt and responsive to said job, received annual increases and performance awards, including but not limited to, Certificate of Merit for 2002 Outstanding Customer Service. Plaintiff was also led to believe that his employment with Defendant was appreciated and that his position with them was secure and stable. At the time of his termination, the Plaintiff's salary was $35.93 per hour.

21. In or about 2004, the Defendant relocated the ADSL MLAC department where Plaintiff worked with the existing MLAC department in the same building but on a different floor. The new work-environment was not ergonomically fit, and the workstations were not adjustable. In response to Plaintiff's request for an adjustable key board holder, Plaintiff was told that "it [was] not in the budget." Moreover, the Defendants failed to engage in meaningful good faith interactive process to determine how to accommodate the Plaintiff. As a result of Defendants' failure to ergonomically fit or adjust Plaintiff's workstation, the Plaintiff developed a medical condition with his shoulder. In or about May 2004, the Plaintiff's physician requested the Defendants to evaluate Plaintiff's workstation

for ergonomic correctness. Plaintiff was again informed by Defendant that it was not in their budget. Plaintiff was offered to lower his desk as an accommodation however Plaintiff being 5'10" in height, declined the offer as such would not remedy the incorrect workstation.

22. Plaintiff repeatedly submitted to his supervisor his doctor's requests concerning the needed adjustments, however when his request for an ergonomic mouse was finally approved, the Plaintiff's immediate supervisor lost it. At least two years expired from the initial date which Plaintiff requested the Defendant to accommodate him with ergonomic equipment and, such request was finally provided to him. The Defendant's delay and failure to accommodate the Plaintiff proximately resulted in causing him more injuries.

23. Moreover, throughout Plaintiff's employment term with the Defendants, Plaintiff's disability was never properly accommodated. Rather, Defendant consistently denied Short Term Disability benefits to Plaintiff, despite his severe neck problems, which ultimately resulted in neck surgery in 2009.

24. Upon Plaintiff's return to work after neck surgery in 2009 and through his termination date in 2011, the Plaintiff suffered repeated harassment and retaliation. Plaintiff had multiple disciplinary actions taken against him, including but not limited to, attendance reviews, 3-day-Suspension/Warning of Dismissal for attendance, investigatory meeting regarding possible dismissal for attendance, and finally, in March 2011, dismissal.

25. Plaintiff further believes that he was discriminated on the basis of race. Additionally, in 2010, Plaintiff was accused of being violent by his managers, even though there was not one instance and/or reports of violence during his thirty years of employment with the Defendant. Plaintiff was also accused of "insubordination" when he complained to management after his complaints to the internal Ethics Hotline were ignored. When Plaintiff returned to work after being suspended concerning his alleged insubordination, Plaintiff was informed that he is under investigated for his attendance.

26. Plaintiff was later informed that he was terminated on the basis of poor attendance. Plaintiff believes that he was terminated in a discriminatory and retaliatory manner due to his medical condition, physical and mental disability, race and age. Plaintiff further believes that his termination was at least in part in retaliation for asserting his rights to take FMLA leave. Plaintiff also contends

that Defendant's actions are a part of a well-known pattern and practice of mistreating and terminating disabled employees.

**FIRST CLAIM FOR RELIEF**

**EMPLOYMENT DISCRIMINATION: DISABILITY/MEDICAL CONDITION (Cal. Gov. Code §12940(a)) Against Defendants PACIFIC BELL/SBC/AT&T SERVICES and DOES 1 through 10)**

27. Plaintiffs re-alleges and incorporates by reference Paragraphs 1 through 26 of this Complaint as though fully set forth herein. This claim is directed against Defendants PACIFIC BELL/SBC/AT&T and Does 1 through 10 (collectively, the "Defendant").

28. At all times herein mentioned, California Government Code §§12926, 12926.1 and 12940 were in full force and effect and were binding upon Defendant. Section 12940(a) prohibits an employer and any person from discriminating against any employee on the on the basis of physical disability, mental disability, medical condition or perceived disability. Such Section requires that an employer will be subject to liability if it/he/she discharges an employee because of his/her disability.

29. At all times during Plaintiff's tenure as an employee of the Defendant, when he was not exercising his protected right to medical leave, he was able to perform the essential functions of his position with reasonable accommodation.

30. Defendant violated California Government Code §§12940(a) with regard to Plaintiff when it discriminated against the Plaintiff on the basis of his physical disability, mental disability, medical condition or perceived disability, and took other adverse employment actions, including termination of employment, against Plaintiff on the basis of his physical disability, mental disability, medical condition or perceived disability.

31. Plaintiff is informed and believes that the motivating factor in Defendant's termination of his employment was his disability/medical condition. Additionally, Defendant refused to provide Plaintiff with reasonable accommodations pursuant to his medical doctor's requests. Such requests would not have imposed undue hardship on the Defendant.

32. Plaintiff is informed and believes, and thereon alleges that similarly situated employees who were not disabled were not subjected to the same discriminatory treatment.

33. Plaintiff is informed and believes, and thereon alleges that in addition to the practices enumerated in this Claim for Relief, Defendant has engaged in other discriminatory practices as alleged in this Complaint.

34. As a direct, foreseeable and proximate result of Defendant's acts, Plaintiff has suffered and continues to suffer substantial past and future economic losses and other employment and economic benefits and opportunities and other consequential and foreseeable damages and has suffered and continue to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount in excess of the minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

35. Defendant committed the despicable acts, as herein alleged, maliciously, fraudulently, and oppressively, with the wrongful intent of injuring Plaintiff. Defendant has acted with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Because the despicable acts taken toward the Plaintiff were carried out by managerial employees and/or "managing agents," acting in a deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, he is entitled to recover punitive damages from Defendant in an amount according to proof.

**WHEREFORE**, the Plaintiff prays for relief as set forth herein.

**SECOND CLAIM FOR RELIEF**

**VIOLATIONS OF THE FMLA (29 U.S.C. §2601 *et seq.*)**
**Against Defendants PACIFIC BELL/SBC/AT&T SERVICES and DOES 1 through 10)**

36. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 35 of this Complaint as though fully set forth herein. This claim is directed against Defendant PACIFIC BELL/SBC/AT&T and Does 1 through 10 (collectively, the "Defendant").

37. Plaintiff was an eligible employee for the purposes of the FMLA.

38. Plaintiff suffered from a serious medical condition.

39. Plaintiff met all requirements for family medical leave under the FMLA.

40. Family Medical Leave Act of 1993, 29 U.S. C. §§ 2601 et seq. prohibits Defendant from interfering, restraining, discriminating or retaliating against an employee for exercising family medical leave rights, or denying an eligible employee's family medical leave. The FMLA further prohibits an employer from changing its FMLA policies without providing reasonable notice to the affected employees, and requires the employer to notify the employee of potential FMLA coverage.

41. In acting as described above, Defendant violated the FMLA with regard to Plaintiff when it discriminated against Plaintiff for asserting rights under the FMLA, retaliated against Plaintiff by taking adverse employment action for Plaintiff's exercise of rights under the FMLA, interfered with his family medical leave, restrained Plaintiff's family medical leave, and disciplined and targeted Plaintiff's employment while Plaintiff was on FMLA leave and in direct retaliation for Plaintiff exercising his rights under the FMLA and making internal complaints of FMLA violations. Defendant further failed to post necessary FMLA information in the workplace and/or provide any FMLA training to employees to explain their rights under the FMLA.

42. As a direct, foreseeable and proximate result of Defendant's acts, Plaintiff has suffered and continues to suffer substantial past and future economic losses and other employment and economic benefits and opportunities and other consequential and foreseeable damages and have suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to the Plaintiff's damage in an amount in excess of the minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

43. As a further direct and proximate result of Defendant's conduct, Plaintiff seeks interest, statutory damages, liquidated damages, equitable and/or injunctive relief, and any other relief that the Court deems fair and just.

**WHEREFORE**, the Plaintiff prays for relief as set forth herein.

**THIRD CLAIM FOR RELIEF**

**FMLA/CFRA DISCRIMINATION**
**Against Defendants PACIFIC BELL/SBC/AT&T SERVICES and DOES 1 through 10)**

44. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 43 of this Complaint as though fully set forth herein. This claim is directed against Defendants PACIFIC BELL/SBC/AT&T and Does 1 through 10 (collectively, the "Defendant").

45. Defendant engaged in the above-described actions with the intent of harassing and discriminating against Plaintiff on account of his need for FMLA and/or CFRA medical leave. Defendant's conduct was in denying and/or interfering with Plaintiff's right to family medical leave is a violation of the 29 U.S.C. §2601, et seq. and CFRA, Government Code §12945.2(b)(2). Defendant's conduct and policies amounted to disparate treatment and had a disparate impact upon the Plaintiff.

46. As a direct, foreseeable and proximate result of the Defendant's acts, Plaintiff has suffered and continues to suffer substantial past and future economic losses and other employment and economic benefits and opportunities and other consequential and foreseeable damages and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount in excess of the minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

47. The Defendant committed the despicable acts, as herein alleged, maliciously, fraudulently, and oppressively, with the wrongful intent of injuring the Plaintiff. The Defendant has acted with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Because the despicable acts taken toward the Plaintiff was carried out by managerial employees and/or "managing agents," acting in a deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, he is entitled to recover punitive damages from Defendant in an amount according to proof.

**WHEREFORE**, the Plaintiff prays for relief as set forth herein.

## FOURTH CLAIM FOR RELIEF

**RETALIATION**
**Against Defendants PACIFIC BELL/SBC/AT&T SERVICES and DOES 1 through 10)**

48. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 47 of this Complaint as though fully set forth herein. This claim is directed against Defendants PACIFIC BELL/SBC/AT&T and Does 1 through 10 (collectively, the "Defendant").

49. California Government Code §§12940(h), 12926(m), and 12945.2 provide that it is unlawful employment practice for an employer or any other person to retaliate against an employee for engaging in a protected activity, for opposing an unlawful employment practice, filing a complaint of discrimination or harassment, or participating in a proceeding involving a claim of discriminatory treatment.

50. In providing information to the Defendant about his medical condition and his temporary inability to perform the duties of the position, Plaintiff duly exercised his rights under CFRA.

51. In requesting accommodations for his disability, the Plaintiff further exercised his rights under the disability provisions of FEHA.

52. In exercising his rights under FEHA and CFRA, the Plaintiff engaged in legally protected activity.

53. At all times relevant, the Plaintiff performed duties in satisfactory manner as herein set forth above. In addition, at all times herein mentioned, California Government Code §12940(h) was in full force and effect and was binding upon the Defendant.

54. As alleged heretofore above, the Defendant wrongfully terminated Plaintiff in retaliation when he exercised his rights under FMLA and CFRA, although Defendant was aware that Plaintiff was suffering from a serious disability/medical condition. Therefore, termination of the Plaintiff's employment constituted an adverse employment action by the Defendant.

55. Furthermore, the Defendant violated Government Code §§12940(h), 12926(m), and 12945.2 when they (i) retaliated against Plaintiff in connection with the terms and conditions of his employment, (ii) took adverse employment actions against the Plaintiff for reporting and lodging

complaints of discriminatory treatment in the workplace, and (iii) failed to take immediate remedial measures and conduct a fair and impartial investigation into discriminatory conduct on the part of its supervisors and managers.

56. As a direct, foreseeable and proximate result of Defendant's acts, the Plaintiff has suffered and continues to suffer substantial past and future economic losses and other employment and economic benefits and opportunities and other consequential and foreseeable damages and have suffered and continue to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to the Plaintiff's damage in an amount in excess of the minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

57. The Defendant committed the despicable acts, as herein alleged, maliciously, fraudulently, and oppressively, with the wrongful intent of injuring Plaintiff. The Defendant has acted with an improper and evil motive amounting to malice, and in conscious disregard of the Plaintiff's rights. Because the despicable acts taken toward the Plaintiff were carried out by managerial employees and/or "managing agents," acting in a deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, he is entitled to recover punitive damages from the Defendant in an amount according to proof.

**WHEREFORE**, the Plaintiff prays for relief as set forth herein.

## FIFTH CLAIM FOR RELIEF

### FAILURE TO PREVENT DISCRIMINATION/ HARASSMENT
### Against Defendants PACIFIC BELL/SBC/AT&T SERVICES and DOES 1 through 10)

58. Plaintiff re-allege and incorporate by reference Paragraphs 1 through 57 of this Complaint as though fully set forth herein. This claim is directed against Defendants PACIFIC BELL/SBC/AT&T and Does 1 through 10 (collectively, the "Defendant").

59. California Government Code §12940(k) provides that it is an unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent discrimination, retaliation, and harassment from occurring at the workplace.

60. Defendant violated Government Code §12940(k) with regard to the Plaintiff when Defendant knowingly and recklessly created a hostile work environment for Plaintiff on the basis of his disability, medical condition, failed to conduct reasonable and impartial investigation when he complained about discriminatory conduct on the part of its supervisors and managers, failed to take steps reasonably necessary to investigate such misconduct, and prevent such conduct from occurring and continuing.

61. The Defendant knew or should have known of these discriminatory actions because Plaintiff complained to his respective managers and, because the discriminatory actions complained about in this herein Complaint were carried out by Defendant's management personnel.

62. As a direct, foreseeable and proximate result of Defendant's acts, the Plaintiff has suffered and continues to suffer substantial past and future economic losses and other employment and economic benefits and opportunities and other consequential and foreseeable damages and have suffered and continue to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to the Plaintiff's damage in an amount in excess of the minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

63. The Defendant committed the despicable acts, as herein alleged, maliciously, fraudulently, and oppressively, with the wrongful intent of injuring Plaintiff. The Defendant has acted with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Because the despicable acts taken toward the Plaintiff were carried out by managerial employees and/or "managing agents," acting in a deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, he is entitled to recover punitive damages from Defendant in an amount according to proof.

**WHEREFORE**, the Plaintiff prays for relief as set forth herein.

## SIXTH CLAIM FOR RELIEF

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### Against Defendants PACIFIC BELL/SBC/AT&T SERVICES and DOES 1 through 10)

64. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 63 of this Complaint as though fully set forth herein. This claim is directed against Defendants PACIFIC BELL/SBC/AT&T and Does 1 through 10 (collectively, the "Defendant").

65. After Plaintiff's disability leave, Defendant through its supervisors/managers, engaged in negligent and intentional actions that resulted in Plaintiff being treated less favorably because of his disability. During his approximately thirty years of employment, Plaintiff was denied a timely interactive process to accommodate his known disability/medical condition. Furthermore, Defendant routinely denied any and all reasonable accommodations to his known disability/medical condition.

66. The Defendant knew or should have known of these discriminatory actions because Plaintiff complained to his respective managers, and because discriminatory actions complained about herein were carried out by Defendant's management personnel.

67. Defendant failed to take immediate and appropriate corrective action to stop these discriminatory acts. Furthermore, before the discrimination occurred, Defendant failed to take all reasonable steps to prevent such discrimination from occurring. Thus, Defendant's conduct violated Government Code §12940(k).

68. Defendant discriminated, harassed and retaliated against Plaintiff (i) on the basis of Plaintiff's disability and/or medical condition; (ii) because Plaintiff complained of its failure to accommodate his disability; and (iii) because Plaintiff complained about the denial of his rights under the FMLA/CFRA.

69. Furthermore, the Plaintiff believes that there was a nexus (causal connection) between the termination of his employment and (a) his protected status under FMLA/CFRA (because of his disability and/or medical condition), and/or (b) the assertion of rights under FMLA/CFRA, and/or (c) because he complained of failure to accommodate his disabilities, each and all of which are matters of public policy. *(__See__, Family Medical Leave Act, California Government Code §§12940(h)-(l), §12941, and California Family Rights Act, California Government Code §12945.2 et seq.)*

70. Accordingly, the discharge of the Plaintiff was wrongful as it violated public policy, California common law, and the Plaintiff's constitutional and statutory rights.

71. As a direct, foreseeable and proximate result of the Defendant's acts, Plaintiff has suffered and continues to suffer substantial past and future economic losses and other employment and economic benefits and opportunities and other consequential and foreseeable damages and have suffered and continue to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to the Plaintiff's damage in an amount in excess of the minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

72. Defendant committed the despicable acts, as herein alleged, maliciously, fraudulently, and oppressively, with the wrongful intent of injuring Plaintiff. Defendant has acted with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Because the despicable acts taken toward the Plaintiff were carried out by managerial employees and/or "managing agents," acting in a deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, he is entitled to recover punitive damages from the Defendant in an amount according to proof.

**WHEREFORE**, the Plaintiff prays for relief as set forth herein.

## <u>SEVENTH CLAIM FOR RELIEF</u>

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### Against Defendants PACIFIC BELL/SBC/AT&T SERVICES and DOES 1 through 10)

73. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 72 of this Complaint as though fully set forth herein. This claim is directed against Defendants PACIFIC BELL/SBC/AT&T and Does 1 through 10 (collectively, the "Defendant").

74. In violation of Government Code §§12945 and 12945.1, the Defendant engaged in unlawful employment practice by failing to provide the Plaintiff with a leave for his medical condition.

75. In violation of Government Code §§12940(a) and 12940(m), the Defendant discharged, discriminated and retaliated against Plaintiff for exercising his right to take a disability leave.

76. In violation of Government Code §12940(h), the Defendant retaliated against Plaintiff for exercising his FEHA and CFRA rights.

77. Defendant terminated Plaintiff's employment because he suffered from disability/medical condition and required reasonable accommodations.

78. Defendant was in a position of power over Plaintiff with the potential to abuse that power. Plaintiff was in a vulnerable position because (i) he lacked power, (ii) of his medical condition, (iii) he placed his trust in Defendant, (iv) he depended on such employment for self-esteem and sense of belonging, (v) he relied upon his employment as a source of income, (vi) a wrongful termination of employment would likely harm Plaintiff's ability to find other employment, and (vii) of the great disparity in bargaining power between the Plaintiff and his employer, the Defendant. The Defendant was aware of Plaintiff's vulnerabilities and the reasons for each of such states.

79. In particular, as alleged more fully above, the Defendant engaged in malicious, despicable, intentional acts of humiliation and degradation done with conscious disregard for the safety and well-being of the Plaintiff whom, it knew was vulnerable.

80. The Defendant discharged Plaintiff without good cause and, confirmed and ratified such discharge. Defendant's discharge of Plaintiff, including Defendant's actions towards the Plaintiff leading up to such discharge as herein alleged as well as the manner in which it accomplished the discharge were outrageous. The Defendaht's conduct was the type that should not be expected to occur in the workplace. Such conduct by the Defendant went beyond the scope of what should be tolerated in a civilized society and in accordance to law. The Defendant's intent to discharge Plaintiff without good cause, due to his disability and/or medical condition, resulted in the Plaintiff being without employment, a sense of self-worth and the security for which he had achieved from a history of long-term employment with the Defendant. Something, the Defendant was aware or should have been aware of that the Plaintiff derived such sense of self-worth and security from his long-term employment with the Defendant.

81. The conduct of the Defendant, as described above, was intended to cause the Plaintiff emotional distress and/or was done with reckless disregard of the probability of causing Plaintiff emotional distress.

82. Plaintiff in fact suffered severe emotional distress as a direct and proximate result of such Defendant's conduct. As a direct and proximate result of the Defendant's outrageous conduct, the

Plaintiff has suffered severe emotional distress, anguish, humiliation, embarrassment, disappointment and worry, all of which is substantial and enduring.

**WHEREFORE**, Plaintiff prays for relief as set forth herein.

**EIGHTH CLAIM FOR RELIEF**

**VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200 Against Defendants PACIFIC BELL/SBC/AT&T SERVICES and DOES 1 through 10)**

83. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 82 of this Complaint as though fully set forth herein. This claim is directed against Defendants PACIFIC BELL/SBC/AT&T and Does 1 through 10 (collectively, the "Defendant").

84. Plaintiff is a member of the class of persons protected by the provisions of Business and Professions Code Section 17200 et seq., including that Plaintiff suffered injury-in-fact and/or has lost money as a result of Defendant's conduct. Each of the Defendants and Does 1 through 10, and each of them, were entities engaged in business practices in California and were and at all material times herein subject to the requirements of Business and Professions Code Section 17200.

85. For the previous four years, the Defendant engaged in the following unlawful, unfair, and/or fraudulent business practices: (i) engaged in a pattern and practice of discriminatory conduct against older and disabled employees, and (ii) engaged in a pattern and practice of discriminatory conduct, including failure to accommodate employees on the basis of disability and/or medical condition. This conduct constitutes unfair, unlawful, and fraudulent and deceptive business practices in violation of Business and Professions Code Section 17200 et seq. As a result of Defendant's conduct, the Plaintiff is entitled to restitution from Defendant in an amount according to proof at trial. Moreover, the Plaintiff seeks equitable and/or injunctive relief according to proof at trial.

86. As a further and proximate result of the conduct of the Defendant, Plaintiff had been obliged to expend and incur costs of suit, and related expenses in an amount to be proven at trial.

**WHEREFORE**, the Plaintiff prays for relief as herein below set forth.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for relief and judgment against the Defendant, and each of them, as follows:

1. For an award of money judgment representing compensatory damages including, but not limited to, lost wages, earnings, retirement benefits and other employee benefits, and all other sums of money, together with interest on these amounts, according to proof;
2. For an award of money judgment for mental pain and anguish and emotional distress, according to proof;
3. For an award of punitive damages, according to proof;
4. For reasonable attorney's fees pursuant to California Labor Code, California Code of Civil Procedure §1021.5 and California Government Code §12965(b).
5. For reasonable attorney's expenses and costs herein incurred;
6. For prejudgment and post-judgment interest;
7. For declaration and injunctive relief; and
8. For such other and further relief as the Court may deem just and proper.

DATED: July 26, 2013

JEROME JOHNSON, In Pro Per

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

DATED: July 26, 2013

______________________________
**JEROME JOHNSON**, In Pro Per

//////

Exhibit B

8/1/13 2:15pm

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED

2013 JUL 17 P 12:05

K. TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF [illegible]
A.J. GAMBOL

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

PACIFIC BELL TELEPHONE COMPANY, a California Corporation; SBC, INC., a Delaware Corporation; AT&T SERVICES, INC., a Delaware Corporation; and DOES 1 through 10

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

JEROME JOHNSON

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* 725 COURT ST. MARTINEZ, CA

CASE NUMBER:
*(Número del Caso):* C13-01148

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JEROME JOHNSON 2712 Wallace St. Berkeley 94702 510-316-9806

DATE: *(Fecha)* JUL 17 2013 Clerk, by *(Secretario)* A.J. GAMBOL, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. [✔] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [ ] on behalf of *(specify)*:

under: [ ] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[ ] other *(specify)*:

4. [ ] by personal delivery on *(date)*:

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit C

SUPERIOR COURT - MA...INEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

JEROME JOHNSON VS. PACIFIC BELL TELEPHONE

NOTICE OF CASE MANAGEMENT CONFERENCE CIVMSC13-01148

1. NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE: 11/06/13 DEPT: 31 TIME: 9:00

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES. ALL PARTIES SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY OF RECORD MUST APPEAR.

2. You may stipulate to an earlier Case Management Conference. If all parties agree to an early Case Management Conference, please contact the Court Clerk's Office at (925)646-4099 for Unlimited Civil and Limited Civil cases for assignment of an earlier date.

3. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference and to discuss the suitability of this case for the EASE Program, private mediation, binding or non-binding arbitration, and/or use of a Special Master.

4. At any Case Management Conference the court may make pretrial orders including the following:

a. an order establishing a discovery schedule
b. an order referring the case to arbitration
c. an order transferring the case to limited jurisdiction
d. an order dismissing fictitious defendants
e. an order scheduling exchange of expert witness information
f. an order setting subsequent conference and the trial date
g. an order consolidating cases
h. an order severing trial of cross-complaints or bifurcating issues
i. an order determining when demurrers and motions will be filed

SANCTIONS

If you do not file the Case Management Conference Questionnaire or attend the Case Management Conference or participate effectively in the Conference, the court may impose sanctions (including dismissal of the case and payment of money).

Clerk of the Superior Court of Contra Costa County

I declare under penalty of perjury that I am not a party to this action, and that I delivered or mailed a copy of this notice to the person representing the plaintiff/cross-complainant.

Dated: 05/31/13

______________________________
C. JACALA, Deputy Clerk

Exhibit D

**Superior Court of California, County of Contra Costa**

# NOTICE TO DEFENDANTS

In Unlimited Jurisdiction Civil Actions

**YOU ARE BEING SUED.** The packet you have been served should contain:

- a. The Summons
- b. The Complaint
- c. The Notice of Case Management (shows hearing date and time)
- d. Blank: Case Management Statement (Judicial Council Form CM-110)
- e. Blank: Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days (Local Court Form CV-655b)
- f. Alternative Dispute Resolution (ADR) Information (Local Court Form CV-655c)

 **WHAT DO I DO NOW?** 

**You must:**

1. **Prepare your response** YOU COULD LOSE YOUR CASE—even before it is heard by a judge or before you can defend yourself, if you do not prepare and file a response on time. See the other side of this page for types of responses you can prepare.
2. **Complete the *Case Management Statement* (*CM-110*)**
3. **File and serve your court papers on time** Once your court forms are complete, you must file 1 original and 2 copies of the forms at court. An adult who is NOT involved in your case must serve one set of forms on the Plaintiff. If you were served in person you must file your response in 30 days. If the server left a copy of the papers with an adult living at your home or an adult in charge at your work or you received a copy by mail you must file your response in 40 days.
4. **Prove you served your court papers on time** by having your server complete a *Proof of Service, (Judicial Council form POS-040)*, that must be filed at the court within 60 days.
5. **Go to court** on the date and time given in the *Notice of Case Management Conference.*
6. **Consider trying to settle your case before trial** If you and the other party to the case can agree to use mediation, arbitration or neutral case evaluation, the *Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days* can be filed with your other papers. For more information read the enclosed ADR information, visit www.cc-courts.org/adr, or call (925) 957-5787.

**IMPORTANT! The court recommends consulting an attorney for all or part of your case. While you may represent yourself, lawsuits can be complicated, and the court cannot give you legal advice.**

**COURT FEES:** You must pay court fees the first time you file your papers. If you also file a motion, you must pay another fee. If you cannot afford the fees, you may ask the court to waive (allow you not to pay) fees. Use Judicial Council forms FW-001-INFO [information sheet]; FW-001 [application]; and FW-003 [order].

**COURT FORMS:** Buy forms at the Forms Window in the Family Law Building or download them for free at: www.courtinfo.ca.gov/forms/

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
# IN AND FOR THE COUNTY OF CONTRA COSTA

______________________________

______________________________

Plaintiff(s) / Cross Plaintiff(s)

vs.

______________________________

______________________________

Defendant(s) / Cross Defendant(s)

***ADR Case Management Stipulation and Order***
***(Unlimited Jurisdiction Civil Cases)***

**CASE NO:** ________________

- ALL PARTIES STIPULATING TO ADR AND DELAYING THEIR CASE MANAGEMENT CONFERENCE 90 DAYS MUST **SUBMIT THE ORDER FOR THE JUDGE'S SIGNATURE AND FILE THIS FORM AT LEAST 15 DAYS BEFORE THEIR CASE MANAGEMENT CONFERENCE.** (NOT AVAILABLE IN COMPLEX LITIGATION CASES.)
- PARTIES MUST ALSO **SEND A COPY OF THIS FILED STIPULATION AND ORDER TO THE ADR OFFICE:** FAX: (925) 957-5689 MAIL: P.O. BOX 911, MARTINEZ, CA 94553

**Counsel and all parties agree to delay their case management conference 90 days to attend ADR and complete pre-ADR discovery as follows:**

1. Selection and scheduling for Alternative Dispute Resolution (ADR):
   a. The parties have agreed to ADR as follows:
      i. ☐ Mediation (☐ Court-connected ☐ Private)
      ii. ☐ Arbitration (☐ Judicial Arbitration (non-binding) ☐ Private (non-binding) ☐ Private (binding))
      iii. ☐ Neutral case evaluation
   b. The ADR neutral shall be selected by *(date)*: ________________ *(no more than 14 days after filing this form)*
   c. ADR shall be completed by *(date)*: ________________ *(no more than 90 days after filing this form)*
2. The parties will complete the following discovery plan:
   a. ☐ Written discovery: (☐ Additional page(s) attached)
      i. ☐ Interrogatories to:
      ii. ☐ Request for Production of Documents to:
      iii. ☐ Request for Admissions to:
      iv. ☐ Independent Medical Evaluation of:
      v. ☐ Other:
   b. ☐ Deposition of the following parties or witnesses: (☐ Additional page(s) attached)
      i. ______________________________
      ii. ______________________________
      iii. ______________________________
   c. ☐ No Pre-ADR discovery needed
3. The parties also agree: ______________________________
4. Counsel and self-represented parties represent they are familiar with and will fully comply with all local court rules related to ADR as provided in Appendix C, will pay the fees associated with these services, and understand that if they do not, without good cause, comply with this stipulation and all relevant local court rules, they may be subject to sanctions.

| | | | |
|---|---|---|---|
| Counsel for Plaintiff *(print)* | Fax | Counsel for Defendant *(print)* | Fax |
| Signature | | Signature | |
| Counsel for Plaintiff *(print)* | Fax | Counsel for Defendant *(print)* | Fax |
| Signature | | Signature | |

Pursuant to the Stipulation of the parties, and subject to the *Case Management Order* to be filed, **IT IS SO ORDERED** that the Case Management Conference set for ________________ is vacated and rescheduled for ____________ at (8:30 a.m. / __________ ) **Plaintiff / Plaintiff's counsel must notify all parties of the new case management conference.**

**Dated:** ________________________ ______________________________
**Judge of the Superior Court**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: FAX NO. *(Optional)*: | |
| E-MAIL ADDRESS *(Optional)*: | |
| ATTORNEY FOR *(Name)*: | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** | |
| STREET ADDRESS: | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: | |
| BRANCH NAME: | |
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT: | |
| **CASE MANAGEMENT STATEMENT** *(Check one)*: ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | CASE NUMBER: |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: Time: Dept.: Div.: Room:

Address of court *(if different from the address above)*:

☐ **Notice of Intent to Appear by Telephone, by** ***(name)*:**

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(Describe, including causes of action)*:

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

CASE MANAGEMENT STATEMENT

Cal. Rules of Court, rules 3.720–3.730
www.courts.ca.gov

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| --- | --- |
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
   a. ☐ days *(specify number):*
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. E-mail address:
   f. Fax number:
   g. Party represented:

☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
   a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
      (1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
      (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
   b. **Referral to judicial arbitration or civil action mediation** (if available).
      (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
      (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
      (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et.seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: DEFENDANT/RESPONDENT: | CASE NUMBER: |
|---|---|

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (*date*):<br>☐ Agreed to complete mediation by (*date*):<br>☐ Mediation completed on (*date*): |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (*date*):<br>☐ Agreed to complete settlement conference by (*date*):<br>☐ Settlement conference completed on (*date*): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (*date*):<br>☐ Agreed to complete neutral evaluation by (*date*):<br>☐ Neutral evaluation completed on (*date*): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (*date*):<br>☐ Agreed to complete judicial arbitration by (*date*):<br>☐ Judicial arbitration completed on (*date*): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (*date*):<br>☐ Agreed to complete private arbitration by (*date*):<br>☐ Private arbitration completed on (*date*): |
| (6) Other (*specify*): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (*date*):<br>☐ Agreed to complete ADR session by (*date*):<br>☐ ADR completed on (*date*): |

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:
(2) Name of court:
(3) Case number:
(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| --- | --- |
| DEFENDANT/RESPONDENT: | |

17. **Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

18. **Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

19. **Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

20. Total number of pages attached *(if any)*: ________

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

| | |
| --- | --- |
| (TYPE OR PRINT NAME) | ▶ (SIGNATURE OF PARTY OR ATTORNEY) |
| (TYPE OR PRINT NAME) | ▶ (SIGNATURE OF PARTY OR ATTORNEY) |

☐ Additional signatures are attached.

Exhibit E



# CONTRA COSTA COUNTY SUPERIOR COURT
# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

All judges in the Civil Trial Delay Reduction Program agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases. To tell the court you will use ADR:

- Choose ADR on the *Case Management Form* (CM-110);
- File a *Stipulation and Order to Attend ADR and Continue First Case Management Conference 90-Days* (local court form); or
- Agree to ADR at your first court appearance.

*Questions? Call (925) 957-5787, or go to www.cc-courts.org/adr*

## MEDIATION

Mediation is often faster and less expensive than going to trial. Mediators help people who have a dispute talk about ways they can settle their case. Parties call or visit the ADR Programs office to get a list of mediators. After parties have agreed on a mediator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the mediator at least 5 court days before mediation starts.

ALL parties and attorneys must go to mediation. Mediation can be held whenever and wherever the parties and the mediator want, as long as they finish before the court deadline. In some kinds of court cases, parties have the chance to mediate in the courthouse on their trial day.

Most mediators begin by talking with the parties together, helping them focus on the important issues. The mediator may also meet with each party alone. Mediators often ask parties for their ideas about how to settle the case. Some mediators tell the parties how much money they think a case is worth, or tell them what they think might happen if the case went to trial. Other mediators help the parties decide these things for themselves. No matter what approach a mediator takes, decisions about settling a case can only be made when all the parties agree.

If the parties go through the court ADR program, mediators do not charge fees for the first half hour spent scheduling or preparing for mediation. They also do not charge fees for the first two hours of mediation. If parties need more time, they must pay that person's regular fees. Some mediators ask for a deposit before mediation starts. Mediators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the mediation. A party whose court fees have been waived (cancelled) may ask if their mediation fees or deposit can be waived.

If parties agree about how they will settle their case, they can choose to keep it private, write it up as a contract, or ask the judge to make it a court order. What parties say and agree to in mediation is confidential (private).

## PRIVATE MEDIATION

Private mediation works in the same way as judicial mediation, but the parties do not go through the ADR Programs office. Parties choose a mediator on their own, and pay the mediator's normal fees.

**JUDICIAL ARBITRATION (non-binding)**

In judicial arbitration, an independent attorney (arbitrator) looks at the evidence, listens to the parties and their witnesses, and decides how the case will be settled. Judicial arbitration is less formal than court. Parties call or visit the ADR Programs office to get a list of arbitrators. If they cannot agree on an arbitrator, the court will assign one. The judge can send cases to arbitration if there is less than $50,000 in dispute. The person who started the court case can make sure the case goes to arbitration if they agree to limit the amount they are asking for to $50,000. Parties can also agree they want to use judicial arbitration. The arbitrator must send their decision (award) to the court within 10 days of the last hearing. The award becomes a court judgment unless a party asks the court to review the case within 30 days. Parties must use the ADR 102 form to ask for a new court hearing (called a trial de novo.) Judicial arbitrators charge $150 per case or per day.

**PRIVATE ARBITRATION (non-binding and binding)**

Private, non-binding arbitration is the same as judicial arbitration, except that the parties do not go through the ADR Programs office to choose an arbitrator, and the arbitrator's award will not become a judgment of the court unless all parties agree. Parties must pay the arbitrator's normal fees.

Binding arbitration is different from judicial or private non-binding arbitration because the arbitrator's decision is final. Parties give up their right to have a judge review their case later (except for reasons listed in California Code of Civil Procedure, Section 1286.2.) Binding arbitration rules are listed in California Code of Civil Procedure, Sections 1280-1288.8. Parties may also agree any time before the judge has made a decision that ends the case to switch to binding arbitration. Parties choose the arbitrator on their own, and must pay the arbitrator's normal (not $150) fees.

**SETTLEMENT MENTOR CONFERENCE**

Settlement mentors are independent, experienced trial attorneys that a judge has assigned to help parties look for ways to settle their case. The conference is free and is held in the courthouse. It is often held on the morning of trial, but it can be scheduled anytime. These conferences usually last two or three hours. Parties do not present evidence and do not call witnesses. Parties can ask the settlement mentor to keep some information confidential (private) from the other party, but not from the judge. The settlement mentor can share any information with the judge, or involve the judge in settlement discussions. All principals, clients, and claims representatives must attend the settlement mentor conference.

**NEUTRAL CASE EVALUATION**

In neutral case evaluation, an independent attorney (evaluator) reviews documents and listens to each party's side of the case. The evaluator then tells the parties what they think could happen if the case went to trial. Many people use the evaluator's opinion to reach an agreement on their own, or use this information later in mediation or arbitration to settle their case.

Parties call or visit the ADR Programs office to get a list of evaluators. After parties have agreed on an evaluator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the evaluator at least 5 court days before evaluation starts. ALL parties and their attorneys must go to neutral case evaluation. The evaluation can be held whenever and wherever the parties and the evaluator want, as long as they finish before the court deadline. If the parties go through the court's ADR program, evaluators do not charge any fees for the first half hour spent scheduling or preparing for the evaluation conference. They also do not charge fees for the first two hours of the evaluation. If parties need more time, they must pay that person's regular fees. Some evaluators ask for a deposit before evaluation starts. Evaluators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the evaluation. A party whose court fees have been waived (cancelled) may ask if their evaluation fees or deposit can be waived.

**TEMPORARY JUDGE**

Some parties want a trial, but want to choose who will decide the case and when the trial will take place. Parties can agree on an attorney that they want the court to appoint as a temporary judge for their case. (See Article 6, Section 21 of the State Constitution and Rule 2.830 of the California Rules of Court.) Temporary judges have nearly the same authority as a superior court judge to conduct a trial and make decisions. As long as the parties meet the court deadline, they can schedule the trial at their own and the temporary judge's convenience.

Each of the temporary judges on the court's panel has agreed to serve at no charge for up to 5 court days. If the parties need more time, they must pay that person's regular fees. All parties and their lawyers must attend the trial, and provide a copy of all briefs or other court documents to the temporary judge at least two weeks before the trial. These trials are similar to other civil trials, but are usually held outside the court. The temporary judge's decision can be appealed to the superior court. There is no option for a jury trial. The parties must provide their own court reporter.

**SPECIAL MASTER**

A special master is a private lawyer, retired judge, or other expert appointed by the court to help make day-to-day decisions in a court case. The special master's role can vary, but often includes making decisions that help the discovery (information exchange) process go more smoothly. He or she can make decisions about the facts in the case. Special masters can be especially helpful in complex cases. The trial judge defines what the special master can and cannot do in a court order.

Special masters often issue both interim recommendations and a final report to the parties and the court. If a party objects to what the special master decides or reports to the court, that party can ask the judge to review the matter. In general, the parties choose (by stipulation) whom they want the court to appoint as the special master, but there are times (see California Code of Civil Procedure Section 639), when the court may appoint a special master or referee without the parties' agreement. The parties are responsible to pay the special master's regular fees.

**COMMUNITY MEDIATION SERVICES**

Mediation Services are available through non-profit community organizations. These low-cost services are provided by trained volunteer mediators. For more information about these programs contact the ADR Program at (925) 957-5787

Exhibit F

COPY

Lisa C. Hamasaki (SBN 197628)
*lch@millerlawgroup.com*
Janine S. Simerly (SBN 102361)
*jss@millerlawgroup.com*
Jennifer Cotner (SBN 255785)
*jrc@millerlawgroup.com*
Mani Sheik (SBN 245487)
*ms@millerlawgroup.com*
MILLER LAW GROUP
A Professional Corporation
111 Sutter Street, Suite 700
San Francisco, CA 94104
Tel. (415) 464-4300
Fax (415) 464-4336

FILED
2013 AUG 29 P 1:12

Attorneys for Defendants PACIFIC BELL TELEPHONE COMPANY and AT&T SERVICES, INC.

SUPERIOR COURT OF CALIFORNIA

COUNTY OF CONTRA COSTA

JEROME JOHNSON, an individual,

Plaintiff,

v.

PACIFIC BELL TELEPHONE COMPANY, a California Corporation; SBC, INC., a Delaware Corporation; AT&T SERVICES, INC., a Delaware Corporation; and DOES 1 through 10, inclusive,

Defendants.

Case No.: C-13-01148

**DEFENDANTS PACIFIC BELL TELEPHONE COMPANY'S AND AT&T SERVICES, INC.'S ANSWER TO PLAINTIFF JEROME JOHNSON'S COMPLAINT**

Complaint filed: May 31, 2013

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

FAXED

Defendants PACIFIC BELL TELEPHONE COMPANY ("Pacific Bell") and AT&T SERVICES, INC.[1] (collectively, "Defendants")[2] hereby answer Plaintiff JEROME JOHNSON's ("Plaintiff") Complaint as follows:

Pursuant to California Code of Civil Procedure Section 431.30(d), Defendants generally deny each and every material allegation contained in Plaintiff's Complaint, and further deny that any damage, whether in the character or amount set forth in the Complaint, or in any sum, or at all, has been caused by reason of any act or omission on the part of Defendants. Defendants further deny that they are liable to Plaintiff under any theory, including, without limitation, the theories of liability asserted in the Complaint.

## AFFIRMATIVE DEFENSES

Defendants allege the affirmative defenses set forth herein as to each and every cause of action and claim for relief asserted in the Complaint unless specified otherwise. By pleading these affirmative defenses, Defendants do not assume the burden of proving any fact, issue, or element of a cause of action where such burden belongs to Plaintiff. The Complaint is vague, ambiguous, indefinite, and uncertain. Therefore, Defendants reserve the right to amend or supplement their affirmative defenses asserted herein, and to present evidence supportive of different or additional defenses, upon ascertaining the specific nature of the claims asserted by Plaintiff against Defendants.

///

///

///

///

[1] Defendant AT&T Services, Inc. has not been served with this complaint.

[2] Plaintiff has also named "SBC, INC." as a defendant. But "SBC, INC." does not exist and, in any event, has not been served with this action.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

Plaintiff's Complaint, and each purported cause of action therein, fails to allege facts sufficient to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Misjoinder of Defendant AT&T Services, Inc.)**

Defendant AT&T Services, Inc. is improperly joined in this action because at no time was Plaintiff employed with AT&T Services, Inc., nor is AT&T Services, Inc. jointly or severally liable for the conduct alleged in the Complaint. As a result, there is a defect or misjoinder of parties pursuant to Section 430.10(d) of the Code of Civil Procedure. Plaintiff's action should not be permitted to proceed against Defendant AT&T Services, Inc.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

Defendants are informed and believe and thereon allege that Plaintiff failed to exhaust statutory administrative remedies with the California Department of Fair Employment and Housing ("DFEH") and/or the United States Equal Employment Opportunity Commission ("EEOC"). Plaintiff's First and Third through Sixth Causes of Action rely on allegations that were not contained in timely complaints filed with the DFEH and/or the EEOC. *See* Cal. Gov't Code §§ 12960, 12965; *see also Martin v. Lockheed Missiles & Space Co.* (1994) 29 Cal. App. 4th 1718, 1724. The Court lacks subject matter jurisdiction over any discrimination, harassment, retaliation, wrongful discharge, and/or family medical leave claims and allegations in the Complaint that are not contained in a timely administrative charge filed by Plaintiff with the DFEH and/or the EEOC. Further, any

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

and all claims or alleged conduct that occurred prior to one year before the filing of any administrative charges of discrimination are time barred as a matter of law.

**FOURTH AFFIRMATIVE DEFENSE**

**(Federal Labor Management Relations Act and National Labor Relations Act Preemption)**

Plaintiff's claims are barred and should be dismissed to the extent they are preempted by the federal Labor Management Relations Act, 29 U.S.C. § 185, and/or the National Labor Relations Act, 29 U.S.C. § 161, and to the extent this Court otherwise lacks subject matter jurisdiction. Plaintiff was a member of a union, the Communications Workers of America ("CWA") during his employment with Pacific Bell and the terms and conditions of his employment was governed by the Collective Bargaining Agreement ("CBA") between the CWA and Defendants. Defendants are informed and believe and thereon allege that resolution of Plaintiff's claims are substantially dependent on an analysis of the terms and conditions of the collective bargaining agreements that governed Plaintiff's employment and are therefore preempted by Section 301 of the Labor Management Relations Act (29 U.S.C. § 185(a)).

**FIFTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations including but not limited to those limitations set forth in California Code of Civil Procedure sections 335.1, 338, and 343, California Business and Professions Code section 17208, California Government Code sections 12960 and 12965, 29 U.S.C. sections 160, 185, 187, 2617(c), and any other statutes that might include applicable time bars. For example, Plaintiff alleges conduct going back to 2004, as the basis for his claims [*see*

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

Complaint ¶ 21]. Such conduct would clearly fall outside the applicable statutes of limitations.

**SIXTH AFFIRMATIVE DEFENSE**

**(Waiver and Estoppel)**

Defendants are informed and believe and thereon allege that by his acts and omissions, Plaintiff has waived and is estopped and barred from alleging the matters set forth in the Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Doctrine of Unclean Hands)**

Defendants are informed and believe and thereon allege that Plaintiff is barred from any relief by the doctrine of unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Laches)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches. Plaintiff's unreasonable delay in bringing these claims has prejudiced Defendants by hindering their ability to defend this case. For example, Plaintiff alleges conduct going back to 2004, as the basis for his claims [*see* Complaint ¶ 21]. Because of the substantial time that has passed, Defendants may not be able to locate documents or witnesses, and witnesses' memories may have faded as to the conduct and events that Plaintiff alleges occurred.

/ / /

/ / /

/ / /

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

**NINTH AFFIRMATIVE DEFENSE**

**(Good Faith / Legitimate Business Reasons)**

Plaintiff's claims are barred, in whole or in part, because all actions and conduct by Defendants about which Plaintiff complains would have been made or taken regardless of any wrongful conduct alleged, and were made without oppression, fraud, or malice, and were made in good faith for just, fair, privileged, justified, non-harassing, non-discriminatory, non-retaliatory, and legitimate business reasons, based on all relevant facts and circumstances known by Defendants at the time they acted. Defendant Pacific Bell's termination of Plaintiff and its actions toward Plaintiff regarding his absences and accommodations were in compliance with its policies and applicable law.

**TENTH AFFIRMATIVE DEFENSE**

**(Workers' Compensation Preemption)**

Plaintiff was Defendant Pacific Bell's employee and alleges that he was injured while performing his job duties. For example, Plaintiff alleges that he sustained a work-related injury to his shoulder/neck [*see* Complaint ¶¶ 21-23] and sustained severe emotional distress as a result of Defendants' conduct [*see* Complaint ¶¶ 34, 42, 46, 56]. Defendants had workers' compensation insurance or were self-insured for workers' compensation claims at the time of Plaintiff's alleged injuries. Therefore, if Plaintiff have suffered any physical and/or emotional injuries related to his work for Defendant Pacific Bell, his exclusive remedy for such injuries is provided by California Labor Code § 3200, *et seq*.

/ / /

/ / /

/ / /

/ / /

/ / /

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

## ELEVENTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate)**

Defendants are informed and believe and thereon allege that Plaintiff's claims are barred, in whole or in part, to the extent that he has failed to exercise reasonable diligence to mitigate the damages alleged in the Complaint. The following allegations are likely to have evidentiary support after a reasonable opportunity to conduct further investigation and/or discovery: To the extent Plaintiff seeks to recover lost wages, Plaintiff could, by diligence, have found and retained employment substantially similar to his employment with Defendant Pacific Bell subsequent to his termination.

## TWELFTH AFFIRMATIVE DEFENSE

**(After-Acquired Evidence)**

Plaintiff's claims are barred, in whole or in part, to the extent Defendants have discovered or will discover additional evidence indicating that Plaintiff had engaged in conduct before or while Plaintiff was employed that precludes or limits his assertion of the claims for relief and/or damages presented in the Complaint. For example, Defendants may discover misconduct that was sufficiently severe that Defendants would have discharged Plaintiff for it alone, had Defendants known of the misconduct.

## THIRTEENTH AFFIRMATIVE DEFENSE

**(Avoidable Consequences)**

Plaintiff's claims are barred, in whole or in part, because Defendants had in place and implemented in good faith policies, procedures, and other measures that were reasonably designed to prevent workplace discrimination, harassment, and retaliation. Plaintiff unreasonably failed to invoke those measures or to take other corrective action

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

regarding any perceived discrimination, harassment, or retaliation, and, to the extent Plaintiff suffered any harm (which Defendants deny), the reasonable use of such policies, procedures, and other measures would have prevented some or all of that harm.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Appropriate Corrective Action)**

Defendants allege that Plaintiff is barred from any recovery because Defendant Pacific Bell took immediate and appropriate corrective action when it became aware of the conduct alleged by Plaintiff.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Failure to State a Claim – Punitive Damages)**

Plaintiff's claim for punitive damages fails to state a claim under California Civil Code section 3294. Defendants did not have advance knowledge of the unfitness of any officer, director, or managing agent. Defendants did not employ any such person with conscious disregard of the rights and safety of others, nor did they authorize or ratify any wrongful conduct which may be the basis for an award of punitive damages. To the extent any of the wrongful conduct Plaintiff alleges in his Complaint occurred, these acts were neither performed nor ratified by any of Defendants' managing agents, directors, or officers. *See White v. Ultramar, Inc.* (1999) 21 Cal. 4th 563.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Undue Hardship)**

Defendants allege that Plaintiff's claims are barred to the extent that accommodation of Plaintiff's alleged disabilities would have created "undue hardship" for Defendant Pacific Bell.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(ERISA Preemption under § 514(a))**

Plaintiff's Complaint, and/or each purported cause of action therein, is preempted by federal law under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, to the extent Plaintiff contends Defendants' employment-related decisions were unlawfully based on or affected by determinations of eligibility for benefits under a plan regulated by ERISA or were motivated by a desire to prevent or otherwise interfere with the attainment of such benefits under an ERISA-regulated plan, including but not limited to any applicable short-term disability plan, long-term disability plan, or retirement plan. Defendant Pacific Bell's disability plans are ERISA-regulated plans. Plaintiff seeks recovery of employment benefits under Defendant Pacific Bell's plan as part of his remedies. Moreover, as a corollary to the preemption of these claims, decisions regarding the eligibility for benefits, including short-term disability benefits, were not made by Defendant Pacific Bell; such decisions were made by its third-party claims administrator.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(ERISA Preemption under § 502(a))**

Plaintiff's Complaint, and/or each purported cause of action therein, is preempted by federal law under ERISA, 29 U.S.C. § 1001, *et seq.*, to the extent Plaintiff

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

seeks to recover "benefits" in this action, including any employee benefits allegedly due or the clarification of rights to such benefits under a plan regulated by ERISA, including but not limited to any applicable short-term disability plan, long-term disability plan, or retirement plan. Defendant Pacific Bell's disability plans are ERISA-regulated plans. Plaintiff seeks recovery of employment benefits under Defendant Pacific Bell's plan as part of his remedies. Moreover, as a corollary to the preemption of these claims, decisions regarding the eligibility for benefits, including short-term disability benefits, were not made by Defendant Pacific Bell; such decisions were made by its third-party claims administrator.

WHEREFORE, Defendants demand judgment in their favor, costs of suit, and attorneys' fees, and all other proper relief.

Dated: August 28, 2013

MILLER LAW GROUP
A Professional Corporation

By: ______________________
Jennifer Cotner
Attorneys for Defendants PACIFIC BELL TELEPHONE COMPANY and AT&T SERVICES, INC.

4826-0753-9221, v. 2

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

## PROOF OF SERVICE

I, Frances L. Skaggs, declare that I am employed at Miller Law Group, A Professional Corporation, whose address is 111 Sutter Street, Suite 700, San Francisco, CA 94104; I am over the age of eighteen (18) years and am not a party to this action. On the below date, by the method noted below, I served the following document(s):

**DEFENDANTS PACIFIC BELL TELEPHONE COMPANY'S AND AT&T SERVICES, INC.'S ANSWER TO PLAINTIFF JEROME JOHNSON'S COMPLAINT**

on the interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope addressed as follows:

Jerome Johnson
2712 WALLACE STREET
BERKELEY, CALIFORNIA 94702

Plaintiff In Pro Per

Tel: (510) 316-5148

☒ **BY MAIL:** By placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the ordinary course of business for collection and mailing on this date at Miller Law Group, 111 Sutter Street, San Francisco, California. I declare that I am readily familiar with the business practice of Miller Law Group for collection and processing of correspondence for mailing with the United States Postal Service and that the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business.

☒ [State] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 29, 2013 at San Francisco, California.

Frances L. Skaggs

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

Exhibit G

Lisa C. Hamasaki (SBN 197628)
lch@millerlawgroup.com
Janine S. Simerly (SBN 102361)
jss@millerlawgroup.com
Mani Sheik (SBN 245487)
ms@millerlawgroup.com
MILLER LAW GROUP
A Professional Corporation
111 Sutter Street, Suite 700
San Francisco, CA 94104
Tel. (415) 464-4300
Fax (415) 464-4336

Attorneys for Defendants PACIFIC BELL TELEPHONE COMPANY and AT&T SERVICES, INC.

SUPERIOR COURT OF CALIFORNIA

COUNTY OF CONTRA COSTA

| | |
|---|---|
| JEROME JOHNSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC BELL TELEPHONE COMPANY, a California Corporation; SBC, INC., a Delaware Corporation; AT&T SERVICES, INC., a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: C-13-01148<br><br>**NOTICE TO SUPERIOR COURT AND TO ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>Complaint filed: May 31, 2013 |

TO THE ABOVE-ENTITLED COURT AND TO PLAINTIFF:

PLEASE TAKE NOTICE THAT on September 3, 2013, Defendants PACIFIC BELL TELEPHONE COMPANY and AT&T SERVICES, INC.[1] filed in the United States District

[1] Plaintiff has also named "SBC, INC." as a defendant. But "SBC, INC." does not exist and, in any event, has not been served with this action.

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

Court for the Northern District of California, their Notice of Removal of Action Pursuant to Federal Question Jurisdiction Under 28 U.S.C. sections 1331 and 1441 ("Notice of Removal"). A copy of the Notice of Removal is attached to this Notice as Exhibit 1, and is served and filed herewith.

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. section 1446(d), the filing of said Notice of Removal of Action in the United States District Court, together with the filing of this Notice to the Superior Court and Adverse Party, effects the removal of this action, and that this Court is directed to "proceed no further unless and until the case has been remanded." 28 U.S.C. § 1446(d).

Dated: September 3, 2013

MILLER LAW GROUP
A Professional Corporation

By: [signature]
Lisa C. Hamasaki
Janine S. Simerly
Mani Sheik
Attorneys for Attorneys for Defendants
PACIFIC BELL TELEPHONE COMPANY
and AT&T SERVICES, INC.

4818-5859-4581, v. 1

MILLER LAW GROUP
A PROFESSIONAL CORPORATION
CALIFORNIA

2

NOTICE TO SUPERIOR COURT AND TO ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT
Case No.: C-13-01148